UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST GODFREY LOGAN, Jr., | No.  2:26-cv-00242-TLN-SCR |
| Plaintiff, | |
| v. | ORDER |
| METRO PHONE TELECOMMUNICATIONS, | |
| Defendant. | |

Plaintiff, proceeding pro se, filed a complaint and motion to proceed in forma pauperis on January 29, 2026.  ECF Nos. 1 & 2.  This matter is before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Venue does not lie in this District.  For the following reasons, the Court will transfer this action to the United States District Court for the Central District of California.

Plaintiff lists his address as Los Angeles, California.  ECF No. 1 at 1.  Plaintiff names as a defendant Metro Phone Telecommunications (MPT) with a Los Angeles address.  *Id.* at 1. Plaintiff complains he purchased a phone at MPT and that MPT employees "kept following me attacking me" and stole the phone.  *Id.* at 5.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the

1

district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, Defendant MPT is alleged to be in Los Angeles, and Plaintiff also has a Los Angeles address. Further, it appears that the events or omissions giving rise to the claim occurred at or near the MPT store in Los Angeles. The complaint's allegations do not establish that a substantial part of the events or omissions giving rise to the claim occurred in this District. 28 U.S.C. § 1391(b)(2). As the Defendant has not appeared and has not waived a challenge to venue, the Court may raise the issue sua sponte. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Where an action is filed in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case" to a district where it could have been brought. *Id.* citing 28 U.S.C. § 1406(a).

Transfer is generally preferred over dismissal where the plaintiff made an honest mistake as to where the suit could have been brought. *See Gigena v. Rye*, 2023 WL 7286665 (E.D. Cal. Nov. 1, 2023); *see also Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) ("Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time consuming and justice-defeating.'") (internal citation omitted). Dismissal is appropriate when the case was deliberately filed in the wrong court through forum shopping, *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1523 (9th Cir. 1983), or if it is clear the complaint could not be amended to state a cognizable claim, *see generally Lemon v. Kramer*, 270 F.Supp.3d 125, 140 (D. D.C. 2017).

Plaintiff has filed numerous actions in the wrong venue. *See, e.g., Logan v. Food 4 Less*, 24-cv-03345-DAD-AC; *Logan v. Mobile Gas Station*, 25-cv-01906-DJC-SCR; *Logan v. ACE Cash Express*, 25-cv-02260-TLN-SCR; *Logan v. Metro Transit Assoc.*, 25-02551-DAD-SCR; *Logan v. Panda Express*, 25-cv-02565-DAD-CKD. The sheer number of cases erroneously filed in this District raises the prospect that Plaintiff is purposely filing cases in the wrong venue, and

perhaps future such cases should be dismissed rather than transferred.

Here, the Court also has concerns that the complaint does not adequately allege subject matter jurisdiction.  Plaintiff alleges that federal question jurisdiction is present, but does not indicate any federal statute or constitutional provision that is at issue in the action.  ECF No. 1 at 3-4.  Plaintiff's civil cover sheet indicates jurisdiction is based on the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, et seq.  ECF No. 1-1.  Given the lack of clarity in the allegations, the Court is unable to conclude at this time that there are no circumstances under which Plaintiff can sufficiently allege jurisdiction and state a cognizable claim.  The Court will transfer this action to the Central District of California pursuant to 28 U.S.C. § 1406(a).  In transferring this action, this court expresses no opinion regarding the merits of Plaintiff's complaint.  Plaintiff is instructed to direct any further filings or inquiries related to this case to the United States District Court for the Central District of California.  Further documents filed in the Eastern District of California related to this case will be disregarded.

In accordance with the above, **IT IS HEREBY ORDERED**:

1.   This action, including the pending motion to proceed in forma pauperis, is TRANSFERRED to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1406(a).

2.   The Clerk shall close this case.

DATED: February 10, 2026.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3